IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ROBERT D. PARKER**                                                                                    **MOVANT**

v.                                                                                              No. 3:03CR55-P

**UNITED STATES OF AMERICA**                                                                 **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* motion of Robert D. Parker to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion. The matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence shall be dismissed as untimely filed.

**Facts and Procedural Posture**

The Petitioner, Robert Parker, was charged in a one-count indictment with conspiring to possess with intent to distribute in excess of 50 grams of cocaine base, in violation of Title 21, U.S.C. § 841(a), (b)(1)(A) and 846, which carried a statutory, mandatory minimum sentence of 10 years. On June 11, 2003, Parker pled guilty to the indictment pursuant to a written plea agreement. In his guilty plea to a conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base, Parker admitted helping to arrange a crack sale involving 74.56 grams of cocaine base (crack cocaine). (Transcript of Change of Plea, p.17-20). The pre-sentence report ("PSR") determined that Parker's total offense level was 27 with a criminal history category of III. This would normally result in a sentencing guidelines range of imprisonment of 87 to 108 months; however, because of the statutory mandatory minimum of ten years, the applicable sentence was 120 months. 21 U.S.C. 841(b)(1)(A). On August 20, 2003, Parker was sentenced to a term of imprisonment of 120 months, and judgment was entered on September 2, 2003.

Parker did not appeal the sentence. Sentencing in this case occurred prior to the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). On January 10, 2006, Parker filed the instant motion under 28 U.S.C. Section 2255 to vacate, set aside and correct sentence.

## One-Year Limitations Period

A motion under 28 U.S.C. 2255 must be brought within a one-year limitation period. 28 U.S.C. 2255(f)(1). Although § 2255 sets for four methods for determining when the one-year period begins, in this case the limitation period runs from the latest of the date on which the judgment of conviction became final. Judgment was entered against petitioner on September 2, 2003; thus, his conviction became final on September 12, 2003, when the time for a direct appeal expired. *See* FED. R. APP. P. 4(b)(1)(A) (ten day deadline for appealing criminal conviction). Parker filed his Section 2255 motion on January 4, 2006, more than two years after his conviction became final. As such, his motion is untimely filed and must be dismissed. 28 U.S.C. 2255(f)(1). *Najera-Galvan v. United States*, 2008 WL 186707 (N.D. Tex., April 25, 2008).

Parker also challenges the constitutionality of the one-year limitations period set forth in § 2255(f). He claims that the one-year limitation violates the Constitution. His contention is, however, without merit. The Suspension Clause of the United States Constitution provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it." *U.S. Const*. art. I, Section 9, cl. 2. Whether the one-year limitations period violates the Suspension Clause depends on whether the limitations period renders the *habeas corpus* remedy inadequate or ineffective to test the legality of detention. *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390 (5th Cir. 1999); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Parker has not shown

that the *habeas corpus* remedy of 28 U.S.C. § 2255 was inadequate. No outside force prevented him from filing a petition before the limitations period expired. He merely relies solely on his status as a *pro se* litigant.

The application of the one-year statute of limitations in this case does not amount to a violation of the Suspension Clause. First, section 2255(f) does not foreclose relief for those who diligently pursue their claims. *Miller*, 141 F.3d at 978. Judgment was entered against Parker on September 2, 2003, and his conviction became final on September 12, 2003, when the time for a direct appeal expired. FED. R. APP. P. 4(b)(1)(A). He had from that time until September 12, 2004, to file a § 2255 motion, but he did not do so. Second, § 2255(f) is not jurisdictional and, as a limitations period, may be subject to equitable tolling. Parker has not, however, presented any facts which wold support equitable tolling in this case. His *pro se* status in and of itself is an insufficient basis to trigger equitable tolling. *Turner*, 177 F.3d at 391-92. Moreover, while the one-year limitations period could raise serious constitutional questions where it forecloses the opportunity for *habeas corpus* relief for one who is actually innocent of the crime of his conviction, Parker has not alleged that he has reliable new evidence that establishes his actual innocence. *Schlup v. Delo*, 513 U.S. 298, 329 (1995). For these reasons, the court holds that the instant motion to vacate, set aside, or correct Parker's sentence shall be dismissed as untimely filed under 28 U.S.C. § 2255(f)(1).

### *Booker* Not Retroactive

One of Parker's arguments merits further discussion – whether the holding in *United States v. Booker*, 125 S.Ct. 738 (2005) applies retroactively. The court must discuss this issue because, if *Booker* were retroactive in its effect, then the present motion would be timely under 28 U.S.C. § 2255(f)(3), which sets the date a sentence becomes final as "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review." This issue has, however, been resolved against Parker. *United States v. Gentry*, 432 F.3d 600, 604-05 (5th Cir. 2005) (rule announced in *Booker* does not apply retroactively to convictions that became final before the *Booker* decision). As such, Parker's motion seeking relief under 28 U.S.C. § 2255 shall be dismissed as untimely filed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 4th day of March, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE